John A. Ford, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Director of Bureau of Traffic Safety, Appellee.

Submitted on briefs, June 7, 1979, to Judges WIL-
KINSON, JR., MENCER and MACPHAIL, sitting as a panel
of three.

*Mark S. Refowich* and *Joel M. Scheer,* for appel-
lant.

*Harold H. Cramer,* Assistant Attorney General,
*Robert W. Cunliffe,* Deputy Attorney General, and
*Edward G. Biester, Jr.,* Attorney General, for appel-
lee.

OPINION BY JUDGE MENCER, August 29, 1979:

The Court of Common Pleas of Northampton
County, after a hearing de novo, sustained the sus-
pension of John Ford's driver's license for six months
for his failure to submit to a breathalyzer test as re-
quired under Section 1547 of the Vehicle Code, 75
Pa. C.S. §1547, and dismissed his appeal. Ford ap-
pealed to this Court. We affirm.

After the Commonwealth has proven that a de-
fendant did in fact refuse to submit to a breathalyzer
test, the burden shifts to the defendant to prove by
competent evidence that he was physically unable to
take the test or incapable of a conscious and knowing
refusal. *Department of Transportation v. Bailey,* 36

Pa. Commonwealth Ct. 643, 388 A.2d 1133 (1978). The issue on appeal is whether the lower court erred in concluding that Ford failed to meet his burden.

The only evidence that Ford was unable to make a conscious and knowing refusal is his own testimony that he was extremely drowsy because of a combination of medicine, fatigue, and alcohol and had no recollection of being asked to submit to a breathalyzer test. Two police officers testified that Ford appeared to be extremely intoxicated but that at times he seemed cooperative and alert. Moreover, they testified that the breathalyzer test was explained to Ford at least five times.

The trial judge concluded that Ford's testimony was of doubtful validity, without corroborating medical testimony, and therefore held that he had failed to sustain his burden of proof.

Although we do not hold that corroborating medical testimony is required in all cases, based upon the record in this case, we are unable to say that the lower court, as factfinder and arbiter of credibility, capriciously disregarded competent evidence in reaching its decision.

Ford also argues that, after he was read the *Miranda*[1] warning and counseled on his right to remain silent, he was unable to decide effectively whether or not he was required to take the breathalyzer test. The record, however, does not support his contention that this was a reason for refusing the test. Even if it were a reason, claimant would not be released from the effects of his refusal because he was specifically warned of the consequences. *See Boyle v. Department of Transportation, Bureau of Traffic Safety,* 19 Pa. Commonwealth Ct. 22, 339 A.2d 834 (1975).

Therefore, we enter the following

---

[1] *Miranda v. Arizona,* 384 U.S. 436 (1966).

ORDER

AND Now, this 29th day of August, 1979, the order of the Court of Common Pleas of Northampton County, dated May 31, 1978, dismissing the appeal of John A. Ford and directing the Secretary of Transportation to reinstate the six-month suspension of John A. Ford's operator's license, is affirmed.