Neil E. Waigand, Jr., Appellant *v.* Commonwealth
of Pennsylvania, Appellee.

Submitted on briefs May 5, 1982, before Judges
ROGERS, CRAIG and DOYLE, sitting as a panel of three.

*Mark H. Pollock,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE DOYLE, September 2, 1982:

This is an appeal by Neil E. Waigand, Jr. (Appellant) from an order of the Court of Common Pleas of Allegheny County dismissing Appellant's appeal of a six month suspension of his automobile operating privileges by the Bureau of Traffic Safety, Pennsylvania Department of Transportation. Said suspension derived from Appellant's refusal to take a breathalyzer test after being arrested for driving under the influence of alcohol. *See* Section 1547(b) of the Vehicle Code (Code), 75 Pa. C. S. 1547(b). We affirm.

At the hearing on the suspension held before the court of common pleas, the arresting officer testified that he stopped Appellant after observing him driving north in the southbound lane of U.S. Route 19 in Peters Township. The officer placed Appellant under arrest as he was visibly intoxicated and, upon arrival at the police station, he requested Appellant to submit to a breathalyzer examination. Appellant initially agreed but, when subsequently confronted with the breathalyzer apparatus, refused. The arresting officer also testified that Appellant was warned that his refusal to submit to the exam would result in the revocation of his operating privileges and that Appellant seemed fully cognizant of what he was being told. When Appellant himself was questioned about the incident, he testified to the effect that he remembered nothing between being in a bar with friends "in Washington County someplace" and "waking up in jail the next day." The trial court informed Appellant that his testimony was "not credible standing alone" and proceeded to hold that Appellant had failed to show that his refusal to submit to the breathalyzer test was

not a knowing and conscious act and that the suspension must stand. On appeal to this Court, Appellant asserts that the common pleas court erred in this determination and that the suspension should therefore be reversed.[1]

This Court's scope of review of a common pleas court's decision in a license suspension case is limited to determining whether the findings of that court are supported by competent evidence, whether there has been an erroneous conclusion of law or whether the common pleas court's decision demonstrates a manifest abuse of discretion. *McMahon v. Commonwealth,* 39 Pa. Commonwealth Ct. 260, 395 A.2d 318 (1978). Questions of credibility and conflicts in the evidence presented are for the trial court to resolve, not this Court. *Id.*

To sustain a license suspension under Section 1547 (b) of the Code, the initial burden is on the Commonwealth to establish that the driver involved (1) was arrested for driving while under the influence of alcohol, (2) was asked to submit to a breathalyzer test, (3) refused to do so, and (4) was specifically warned that a refusal would result in the revocation of his driver's license. *Everhart v. Commonwealth,* 54 Pa. Commonwealth Ct. 22, 420 A.2d 13 (1980). Where, as here, the Commonwealth has met its burden, it then becomes incumbent on appellant, if a suspension is to be reversed, to prove by competent evidence that he was not capable of knowingly and consciously refusing

---

[1] Appellant also asserts that the Commonwealth failed to prove that the arrest herein was legal under the Pennsylvania Rules of Criminal Procedure and that the suspension is thus invalid. This argument was neither raised before nor addressed by the trial court and therefore cannot be raised on appeal. We note, however, that a *lawful* arrest is *not* a prerequisite to a license suspension for refusal to take a breathalyzer exam. *Commonwealth v. Griffie,* 21 Pa. Commonwealth Ct. 403, 346 A.2d 838 (1975).

to take the test. *Ford v. Department of Transportation, Director of Bureau of Traffic Safety,* 45 Pa. Commonwealth Ct. 268, 406 A.2d 240 (1979). Whether an appellant has satisfied this burden is a factual determination to be made by the trial court. *Pratt v. Department of Transportation, Bureau of Traffic Safety,* 62 Pa. Commonwealth Ct. 55, 434 A.2d 918 (1981).

In the instant case, the only evidence Appellant presented concerning his capacity to knowingly and consciously refuse to submit to the breathalyzer exam were his unsupported and self-serving statements that he had no memory of what transpired.[2] There is no error in the common pleas court's finding that such testimony lacked credibility. *Capozzoli Appeal,* 63 Pa. Commonwealth Ct. 411, 437 A.2d 1340 (1981). Therefore, in the absence of other evidence to support Appellant's allegations as to his incapacity and the reasons for that incapacity, and in light of the arresting officer's testimony that Appellant appeared "cognizant" and this Court's scope of review, we must affirm the trial court's holding that Appellant has failed to meet his burden of establishing that he was not capable of knowingly and consciously refusing to submit to the breathalyzer test. *Capozzoli; Department of Transportation, Bureau of Traffic Safety v. Dauer,* 52 Pa. Commonwealth Ct. 571, 416 A.2d 113 (1980); *Ford; see also Department of Transportation, Bureau of Traffic Safety v. Tantlinger,* 29 Pa. Commonwealth Ct. 536, 371 A.2d 1037 (1977).

Accordingly, the suspension must stand.

---

[2] "Q. So, its your testimony, then, you recall nothing at all from the time you left the bar?

A. Not even leaving it.

Q. Until the next morning you woke up?

A. That's right."

## ORDER

Now, September 2, 1982, the order of the Court of Common Pleas of Allegheny County in the above captioned matter, dated June 30, 1981, No. SA 550 of 1981, is hereby affirmed.