Robert H. King, III, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellee.

Submitted on briefs December 7, 1983, to Judges ROGERS, WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*Thomas E. Martin, Jr.,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for respondent.

OPINION BY JUDGE BARBIERI, March 26, 1984:

The Appellant, Robert H. King III, appeals here from an order of the Court of Common Pleas of Chester County which dismissed his appeal from a six month license suspension imposed by the Department of Transportation, Bureau of Traffic Safety (Department). We affirm.

On November 12, 1981, the Appellant was arrested for driving under the influence of alcohol. When requested to submit to a breathalyzer test by police, the Appellant stated that he wasn't going to refuse, but wanted first to talk to his attorney. The Appellant was permitted to call his attorney,[1] but was unsuccessful in contacting him. The Appellant was then requested again to submit to a breathalyzer test and informed that his failure to do so would result in the suspension of his license. The Appellant refused again and consequently his license was suspended by the Department pursuant to Section 1547(b) of the Vehicle Code.[2] The court of common pleas dismissed the Appellant's appeal from this license suspension and the present appeal followed.

On appeal to this Court, the Appellant concedes that in Pennsylvania there is no right to counsel when deciding whether or not to submit to a breathalyzer test. The Appellant contends, however, that because

---

[1] The agreement by the police to allow the Appellant to first contact his attorney was a matter of grace and did not vitiate the Appellant's subsequent refusal to submit to the breathalyzer test. *Department of Transportation, Bureau of Traffic Safety, v. Wroblewski,* 65 Pa. Commonwealth Ct. 333, 442 A.2d 407 (1982).

[2] Act of June 17, 1976, P.L. 162, *as amended,* 75 Pa. C. S. §1547-(b).

he was given his *Miranda*[3] rights when arrested, specifically his right to counsel, he was confused as to whether or not these rights applied to the breathalyzer proceedings, and therefore his insistence upon counsel being present before submitting to the breathalyzer test cannot constitute a refusal under the circumstances of this case. Unfortunately for the Appellant, this Court on at least two previous occasions, in *Department of Transportation, Bureau of Traffic Safety v. Korchak,* 74 Pa. Commonwealth Ct. 465, 459 A.2d 1295 (1983) and in *Ford v. Department of Transportation, Bureau of Traffic Safety,* 45 Pa. Commonwealth Ct. 268, 406 A.2d 240 (1979), has addressed and rejected this argument.

Accordingly, the order of the common pleas court dismissing the Appellant's appeal is hereby affirmed.

### ORDER

AND Now, this 26th day of March, 1984, the order of the Court of Common Pleas of Chester County, dated March 12, 1982, dismissing the appeal of the Appellant, Robert H. King, III, is hereby affirmed.

---

[3] *Miranda v. Arizona,* 384 U.S. 436 (1966).