Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Michael R. Doherty, Appellee.

Submitted on briefs January 31, 1985, to Judges MACPHAIL, BARRY and PALLADINO, sitting as a panel of three.

*Robert C. Bell,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Counsel, *Ward T. Williams,*

Chief Counsel, and *Jay C. Waldman*, General Counsel, for appellant.

*Paul D. Boas, Berlin, Boas & Isaacson,* for appellee.

OPINION BY JUDGE BARRY, April 1, 1985:

This appeal results from an order of the Allegheny County Court of Common Pleas which overturned the six month suspension of Michael Doherty's operator's license imposed by the Department of Transportation (DOT) for his refusal to submit to a breathalyzer test.

A City of Pittsburgh police officer noticed Mr. Doherty parked in his car beneath the McArdle Roadway Bridge. The car had been damaged quite extensively apparently as the result of an accident. The officer stated he detected the odor of alcohol on Mr. Doherty's breath and he was charged with driving under the influence of alcohol.

Mr. Doherty was transported to a hospital because of some injuries from the accident. He voluntarily submitted to a test administered by the treating physician to determine the alcoholic content of his blood. Following treatment, Mr. Doherty was taken to the police station for a breathalyzer test and advised of the consequences of a refusal. When asked to submit, he replied, "May I call my lawyer?" whereupon the testing officer recorded a refusal[1] which was certified to DOT.[2]

As a result, DOT suspended Mr. Doherty's driver's license for six months pursuant to Section 1547 of the Vehicle Code (Code), 75 Pa. C. S. §1547. His appeal

---

[1] This fact was stipulated to by the parties. (R. p. 23).

[2] A "Report of Refusal to Submit to Chemical Test of Breath or Blood to Determine Alcoholic Content of Blood" was submitted to DOT by the City of Pittsburgh Police.

before the trial court was sustained because Mr. Doherty had already voluntarily submitted to a blood test of which the police had knowledge and, therefore, the trial court found that his refusal was justified. This appeal followed.

DOT posits the view that Mr. Doherty's voluntary submission to the blood test did not justify his refusal to take the breathalyzer test because the arresting officer had no knowledge of the blood test or its purpose and Mr. Doherty was physically capable of performing the breathalyzer test. DOT, moreover, contends that it has established that Mr. Doherty had refused the breathalyzer test and that therefore the license suspension was proper.

In response, Mr. Doherty argues that he voluntarily submitted to a blood test and that, under Section 1547 of the Code, he was required only to submit to one test, either blood or breathalyzer. Mr. Doherty, therefore, contends that he had already complied with the Code when he allegedly refused the breathalyzer test. Alternatively, Mr. Doherty asserts that he did not refuse the breathalyzer test under these facts because his response to the testing officer was not an unqualified refusal.

We affirm the trial court order but for reasons other than those upon which it relied. We believe that Mr. Doherty did not refuse the breathalyzer test when he replied, "May I call my lawyer?" The line of suspension cases involving a motorist's demand to speak to a lawyer before consenting to a breathalyzer are distinguishable.

In *Morris Motor Vehicle Operator License Case,* 218 Pa. Superior Ct. 347, 280 A.2d 658 (1971), a licensee's request to telephone his attorney before submitting to a breathalyzer test was denied by the testing officer whereupon the licensee refused to take the

test. The Superior Court held that a licensee cannot condition or qualify his response to submission to the test upon speaking to an attorney. Of this qualified refusal, the court stated that " '[t]he occasion is not one for debate, maneuver or negotiation, but rather for a simple "yes" or "no" to the officer's request.' " *Id.* at 350, 280 A.2d at 660.

The progenies of this case are similar because they involve a qualified or conditioned response and subsequent refusal by the licensee. Invariably the licensee wanted to consult his lawyer or have one present *before* submitting to the breathalyzer test. *See Miele v. Commonwealth,* 75 Pa. Commonwealth Ct. 130, 461 A.2d 359 (1983), *Bureau of Traffic Safety v. Wroblewski,* 65 Pa. Commonwealth Ct. 333, 442 A.2d 407 (1982); *Brueau of Traffic Safety v. Herman,* 49 Pa. Commonwealth Ct. 201, 410 A.2d 1296 (1980); *Sentle v. Commonwealth of Pennsylvania,* 48 Pa. Commonwealth Ct. 479, 410 A.2d 903 (1980); *Weitzel Appeal,* 41 Pa. Commonwealth Ct. 235, 400 A.2d 646 (1979); and *Department of Transportation v. Cannon,* 4 Pa. Commonwealth Ct. 119, 286 A.2d 24 (1972). In each case, this conditioned response was construed to be a refusal which justified the suspension of a driver's license. We have, however, different facts in this case.

Here, Mr. Doherty's response does not evidence an attempt to debate, maneuver or negotiate the question of submission to the test. *Morris.* He did not condition his response on speaking with a lawyer but rather only inquired about the propriety of speaking to a lawyer before submitting to the breathalyzer test. The testing officer immediately recorded a refusal. We believe, however, that a refusal cannot be implied from a mere question. We, therefore, conclude that Mr. Doherty's response did not amount to a refusal.

Because of the resolution of this issue, we need not address the question whether Mr. Doherty's submission to the blood test complied with Section 1547 of the Code.

Based on the foregoing reasons, we affirm.

### Order

Now, April 1, 1985, the order of the Allegheny County Court of Common Pleas, entered March 10, 1981, at No. SA 1530 of 1981, is affirmed.

Judge WILLIAMS, JR., did not participate in the decision in this case.

Judge PALLADINO dissents.

