Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Stephanie Joy Bartelt, Appellee.

Submitted on briefs September 10, 1985, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Michael R. Deckman,* Deputy Chief Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

No appearance for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., January 15, 1986:

The Department of Transportation suspended Stephanie Joy Bartelt's driving license for six months for refusing to submit to a breathalyzer test. Section 1547(b)(1) of the Vehicle Code.[1] A Luzerne County Common Pleas Court order sustained Bartelt's appeal and rescinded the suspension. The Department appeals this order. We reverse and reinstate the suspension.

Bartelt was arrested for driving while intoxicated. She was given Miranda[2] warnings, including her right to counsel, and informed that her license would be suspended if she refused to take a breathalyzer test. Bartelt replied that she would not take the test until she consulted with her attorney. She was then advised that her right to counsel had no bearing on the administration of the breathalyzer test, but she continued to refuse the test without her attorney present.

Our scope of review of a common pleas court's decision in a license suspension matter is limited to determining whether the findings of fact are supported by competent evidence, whether there has been an error of law, or whether the trial court's decision evidences a manifest abuse of discretion. *Leibler v. Department of Transportation, Bureau of Traffic Safety,* 83 Pa. Commonwealth Ct. 270, 476 A.2d 1389 (1984).

The Department contends that the trial court erred by holding that Bartelt did not refuse the breathalyzer test because she was confused about her right to counsel. We agree.

---

[1] 75 Pa. C. S. §1547(b)(1). Bartelt's arrest occurred prior to a 1982 amendment to this section which increased the suspension period to twelve months.

[2] *See Miranda v. Arizona,* 384 U.S. 436 (1966).

200

This Court has repeatedly held that confusion between *Miranda* rights and rights regarding the administration of a breathalyzer test does not excuse a refusal to submit to a test. *See, e.g., King v. Department of Transportation, Bureau of Traffic Safety*, 81 Pa. Commonwealth Ct. 177, 472 A.2d 1196 (1984). Any confusion on Bartelt's behalf was not created by the law enforcement authorities; she was specifically told that her right to counsel did not extend to the breathalyzer test.

Reversed.

ORDER

The order of the Luzerne County Common Pleas Court, No. 4843-C of 1981 dated June 17, 1982, is reversed. The six-month suspension of driving privileges imposed by the Department of Transportation is reinstated.