513 A.2d 1083

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Patrick M. O'Connell, Appellee.

Argued April 8, 1986, before Judges CRAIG, DOYLE and COLINS, sitting as a panel of three.

*Harold H. Cramer,* Counsel, with him, *Michael R. Deckman,* Deputy Chief Counsel, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*George B. Ditter, Jenkins, Tarquini & Jenkins,* for appellee.

OPINION BY JUDGE DOYLE, August 4, 1986:

The Pennsylvania Department of Transportation, Bureau of Traffic Safety (Department) appeals from an

order of the Court of Common Pleas of Montgomery County which reversed the Department's one year suspension of Patrick M. O'Connell's (Appellee's) motor vehicle operator's license pursuant to Section 1547(b) of the Vehicle Code, 75 Pa. C. S. §1547(b) (refusing to take a breathalyzer test).

Appellee was the operator of an automobile which struck two parked cars in Abington Township on the evening of June 19, 1983. Due to the strong odor of alcohol on Appellee's breath, the officer investigating the accident (Officer Stein) conducted a field sobriety test. Appellee failed to perform the test satisfactorily and was placed under arrest for driving under the influence of alcohol. He was then advised of his *Miranda* rights and transported to the Abington Police Station, where he was given a form containing the *Miranda* warnings and questions relating to the warnings and was directed to respond to the questions in writing. Paragraph 6 of the form asked, "Do you want to talk to a lawyer at this time or have a lawyer with you while we ask you questions?" Appellee initially answered this question, "No", but subsequently changed his answer to "Yes". After completing the form he was asked to take a breathalyzer test. Officer Stein testified that Appellee "flatly refused" to take the test, not just once, but three separate times. Appellee did not contest the fact of his refusal, nor did he refute Officer Stein's testimony that he was advised of the consequences of that refusal. He testified, however, that his refusal was based on the fact that he had not been permitted to contact a lawyer. According to the trial court, Appellee also testified that he verbalized the basis for his refusal to Officer Stein.

Appellee was eventually permitted to contact his attorney, and, following a consultation with him, Appellee indicated that he was now willing to take the breathalyzer test. Officer Stein, however, refused to adminis-

ter the test at that time because he had been unable to observe Appellee personally for the past thirty-five to forty minutes.

In order for a suspension for refusal to submit to a breathalyzer test to be sustained, the Department must prove that the driver was placed under arrest upon a charge of driving under the influence; was requested to submit to the test and refused; and was specifically warned that his license would be suspended as a result of the refusal. *Herbert v. Commonwealth,* 75 Pa. Commonwealth Ct. 28, 460 A.2d 920 (1983). Once the above elements have been proven, the burden shifts to the driver to prove that he was not capable of making a knowing and conscious refusal. *Id.*

The trial court in this case determined that both parties had satisfied their burdens of proof, and consequently concluded that, although a refusal had been made, it was not a knowing and conscious refusal such as would sustain the suspension of Appellee's license. The court based this conclusion on the fact that Appellee's refusal to submit to the test occurred immediately after his being informed of his *Miranda* rights, and on the fact that Officer Stein neglected to instruct Appellee that such rights were inapplicable to the breathalyzer test.

Whether a driver has satisfied the burden of proving he was not capable of making a knowing and conscious refusal is a factual question to be determined by the trial court. *Waigand v. Commonwealth,* 68 Pa. Commonwealth Ct. 541, 449 A.2d 862 (1982). Our scope of review in such a case is limited to determining whether the findings of the court are supported by competent evidence, whether there has been an erroneous conclusion of law, or whether the court's decision demonstrates a manifest abuse of discretion. *Id.*

The Department correctly points out, however, that this Court has held *as a matter of law* that as long as a driver has been specifically informed of his obligation to take the test and the consequences of a refusal, any possible confusion regarding the *Miranda* rights will not constitute an excuse for the refusal. *Ford v. Department of Transportation, Bureau of Traffic Safety,* 45 Pa. Commonwealth Ct. 268, 406 A.2d 240 (1980).

Appellee argues that we have also held that once a driver has been advised that he is under arrest, and that he has a right to speak to an attorney prior to questioning, an arresting officer has a duty to advise the driver that that right does not apply to the process of deciding whether or not to take a breathalyzer test. Appellee cites the recent case of *Department of Transportation, Bureau of Traffic Safety v. Ferrara,* 89 Pa. Commonwealth Ct. 549, 493 A.2d 154 (1985). His argument, however, is not based upon an accurate statement of the holding in that case.

The basic rule has long been that a request for an attorney in response to an officer's request that a breathalyzer test be taken constitutes a refusal to take the test. *King v. Department of Transportation, Bureau of Traffic Safety,* 81 Pa. Commonwealth Ct. 177, 472 A.2d 1196 (1984). This rule has not been changed, but it has been refined and limited by two recent cases. In *Department of Transportation, Bureau of Traffic Safety v. Doherty,* 88 Pa. Commonwealth Ct. 482, 490 A.2d 481 (1985), we held that in order for this rule to apply, a question posed by the driver as to whether he is entitled to consult an attorney before deciding, must be answered; *i.e.,* a refusal cannot be implied from a mere question. In *Ferrara,* we made the logical extension that such an inquiry must be responded to *negatively.* In support of this refinement, we stated:

We reach this conclusion out of an awareness that allowing an officer to treat a request for consultation as an unqualified refusal, without at least informing the arrestee that she has no right to such a consultation, would create a great potential for unfair manipulation of arrestees who may be under legitimate confusion concerning their rights.

*Ferrara*, 89 Pa. Commonwealth Ct. at 556, 493 A.2d at 157 (footnote omitted).

We now clarify that *Doherty* and *Ferrara* do not place upon a police officer the automatic duty to inform every arrestee that the *Miranda* right to counsel does not apply to the breathalyzer test. The duty arises only where the arrestee responds to the request that he take the test with an inquiry regarding whether he may consult with someone before making a decision.

Applying this rule to the instant case, we see that the trial court found that Appellee verbalized his reason for refusing to take the test to Officer Stein; that is, in response to the Officer's request, the court found that Appellee stated that he believed he had a right to consult an attorney before deciding whether or not to take the test.

There is no support for this finding in the record. On direct examination, the following exchange occurred between Appellee and his attorney:

Q. Now, did you in fact say that you flat-out refused to take the breatholyzer (sic) test?

A. Yes.

Q. And what were your precise words?

A. My grounds on that, I would not take the test until I was able to speak to a lawyer. That was the grounds on that answer.

On cross-examination, Appellee further testified as follows:

Q. Officer Stein's statement was that you said, 'You are signing my death warrant.'

Are you saying that that is not what you said?

A. I don't believe that that's what I said.

Q. Do you recall what you said?

A. Not exactly. No.

Even on direct examination Appellee did not state that he *told* Officer Stein what his "grounds" were. On cross-examination, he bluntly admitted that he did not recall what he said. We conclude therefore, that the trial court's finding that Appellee informed Officer Stein of his reasons for refusing to take the test is unsupported by the record.

We also point out that the relevant inquiry in a situation such as this should not be whether a refusal was knowing and conscious, a situation which generally arises where a driver is injured or in such distress that his competence is questioned, but whether or not a refusal was made at all. *See Doherty* and *Ferrara*. Thus the trial court's finding that an unqualified refusal was made, which *is* supported by competent evidence in the record, would preclude reliance on *Ferrara,* in which it was held that due to the officer's misleading answer to the arrestee's request to speak to any attorney, *no refusal ever occurred.*

For these reasons, we must reverse the court of common pleas.

ORDER

NOW, August 4, 1986, the Order of the Court of Common Pleas of Montgomery County, No. 83-11202, dated January 19, 1984, is hereby reversed.

Judge COLINS dissents.