517 A.2d 585

Robert D. Johnston, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Submitted on briefs June 12, 1986, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge KALISH, sitting as a panel of three.

Held: Appeal quashed.

*David H. Acker,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY SENIOR JUDGE KALISH, November 14, 1986:

Appellant, Robert D. Johnston, appeals an order of the Court of Common Pleas of Lawrence County which dismissed his exceptions and affirmed an earlier order which sustained the suspension of appellant's driver's license for refusal to take a breathalyzer test. We quash this appeal as untimely filed.[1]

Appellant was placed under arrest for operating a motor vehicle while under the influence of alcohol. In addition to a finding of probable cause for the arrest,

---

[1] Although no motion to quash was filed, in its brief the Department of Transportation has raised the issue of the timeliness of Johnston's appeal.

the trial court found that after appellant was informed of the effect of his refusal to submit to a breathalyzer test, he was afforded sufficient opportunity to submit himself to a breathalyzer test. The trial court thus affirmed appellant's driver's license suspension.

The trial court's order affirming appellant's driver's license suspension was entered on September 12, 1984. Appellant then filed exceptions, which the trial court dismissed on January 3, 1985. Appellant filed this appeal on January 8, 1985, more than three and one-half months after entry of the trial court's order.

Rule 227.1 of the Pennsylvania Rules of Civil Procedure, which governs post-trial relief, applies only to civil actions, as defined in the Pennsylvania Rules of Civil Procedure. It relates to statutory appeals only when authorized by statute or local rule. *See Pennsylvania Liquor Control Board v. Willow Grove Veterans Home Association,* 97 Pa. Commonwealth Ct. 391, 509 A.2d 958 (1986).

Sections 1550(a) and (c) of the Vehicle Code, 75 Pa. C. S. §1550(a) and (c), provide:

(a)   General rule.—Any person . . . whose operating privilege has been recalled, canceled, suspended or revoked by the department shall have the right to appeal to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure).

(c)   Proceedings of court.—The court shall set the matter for hearing upon 30 days written notice to the department and determine whether the petitioner is in fact the person whose operating privilege is subject to the recall, suspension, cancellation or revocation.

Section 933(a)(1)(ii) of the Judicial Code, 42 Pa. C. S. §933(a)(1)(ii), provides that the courts of common pleas

have jurisdiction of appeals from determinations of the Department of Transportation appealable under section 1550 of the Vehicle Code. Neither of these sections contains a requirement that post-trial relief be requested.

Similarly, the local rules of Lawrence County do not require the filing of post-trial motions. Rule 100(7) of the Local Rules of Lawrence County provides:

> Motions for new trials, for judgment non obstante verdicto [sic], to take off nonsuits, and in arrest of judgment, including exceptions to the reports of Masters in divorce and annulment, receivers, auditors, etc., with the reasons therefore, shall be filed within ten (10) days after the verdict, nonsuit or report, and a copy thereof shall be given to the trial judge, the court stenographer and to the adverse party or his attorney within forty-eight (48) hours thereafter.
>
> (a) No motions or reasons for a new trial on the grounds of after discovered evidence will be entertained unless based upon affidavit stating the names of witnesses, what they are expected to prove, why such evidence was not produced at trial, and the party's belief of its sufficiency to change the verdict.

There is no language in this rule to indicate that post-trial motions are required in statutory appeals.

Thus, appellant's filing of exceptions was improper, and did not stay the appeal period. His appeal in this Court was filed over three and one-half months after the trial court's order was entered. Accordingly, we must quash this appeal as untimely.

## ORDER

Now, November 14, 1986, the appeal in the above-captioned matter is quashed.