529 A.2d 88

Harry J. McFadden, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued June 11, 1987, before President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge NARICK, sitting as a panel of three.

*Arthur L. Jenkins,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Henry G. Barr,* General Counsel, for appellee.

OPINION BY SENIOR JUDGE NARICK, August 3, 1987:

The Court of Common Pleas of Montgomery County, after a hearing de novo, sustained the suspension of Harry J. McFadden's (McFadden) driver's license for one year for his failure to submit to a breathalyzer test as required by Section 1547 of the Vehicle Code, 75 Pa. C. S. §1547 and dismissed his appeal. McFadden appealed to this Court. We affirm.

The relevant facts are as follows. On January 4, 1985, Officer Robert Twist of the Ambler Borough Police Department observed McFadden driving his vehicle three-quarters of the way in the opposite lane of Tennis Avenue in Ambler Borough. Officer Twist also observed the vehicle's right turn signal come on but the vehicle then proceeded to make a left turn. Officer Twist stopped the vehicle and, as he approached McFadden, Officer Twist detected a strong odor of alcohol. McFadden failed two sobriety tests, was placed under arrest and was orally advised of his *Miranda*[1] rights.

---

[1] *Miranda v. Arizona,* 384 U.S. 436 (1966).

McFadden was then transported to the Ambler Borough Police Station for a breathalyzer test. At the station, McFadden was again given his *Miranda* rights, this time in written form. When requested to take a breathalyzer, McFadden refused. However, McFadden did shortly thereafter request from Officer Twist the opportunity to make a phone call and Officer Twist consented. However, after the phone call, McFadden continued to refuse to take a breathalyzer.

An operator's driving privileges may be suspended for refusal to submit to a breathalyzer test where the Department of Transportation proves that the driver involved: (1) was placed under arrest for driving while under the influence of alcohol, and the arresting officer had reasonable grounds to believe the driver was intoxicated; (2) was asked to submit to a breathalyzer test; (3) refused to do so; and (4) was warned that his license would be revoked if he refused to take the test. *Waigand v. Commonwealth*, 68 Pa. Commonwealth Ct. 541, 449 A.2d 862 (1982).

On appeal, the sole question presented for our consideration is whether the trial court erred in concluding that McFadden made a knowing and conscious refusal to take the breathalyzer.

Once the Commonwealth has proven that a defendant refused to submit to a breathalyzer, the burden shifts to the defendant to prove by competent evidence that he was unable to make a knowing and conscious refusal. *Ford v. Department of Transportation*, 45 Pa. Commonwealth Ct. 268, 406 A.2d 240 (1979). Whether a driver has satisfied his burden that he was unable to make a knowing and conscious refusal is a factual question to be determined by the trial court. *Waigand.*

McFadden argued before the trial court, and on appeal to this Court, based on the *Miranda* warnings he believed that he had a right to do and say nothing.

However, the trial court rejected this argument and noted that McFadden never informed the officer that his refusal was based on his right to remain silent and that the only evidence which was offered in support of McFadden's position was his self-serving and unsupported contention that he believed the *Miranda* warning extended to anything he said or did. The court went on to conclude that "[s]ince proper *Miranda* warnings were given, and since Officer Twist testified that petitioner [McFadden] understood the implied consent law, we determine the petitioner has failed to prove by competent evidence that he was not capable of knowingly and consciously refusing to take the breathalyzer test".

Our scope of review is limited to determining whether the trial court's findings are supported by competent evidence, whether an error of law has been committed, and whether the trial court's decision constitutes a manifest abuse of discretion. *Waigand.*

In *Ford,* the defendant was arrested for driving under the influence of alcohol. On appeal, the defendant argued that after he was read his *Miranda* warnings and counseled on his right to remain silent, he was unable to effectively determine whether or not he should agree to take the breathalyzer test. This Court rejected that argument and noted that the record did not support the defendant's contentions that this was his reason for refusing the test. The Court went on to say that "[e]ven if it were a reason, claimant would not be released from the effects of his refusal because he was specifically warned of the consequences". *Id.* at 270, 406 A.2d at 241. In the instant matter, McFadden was specifically warned that his license would be suspended for refusal to take the breathalyzer. Accordingly, we are unable to conclude that the trial court's determination that McFadden made a knowing and conscious refusal to take a breathalyzer was erroneous.

However, McFadden, in further support of his position, asserts that the confusion generated by the *Miranda* warnings when read to individuals arrested for driving under the influence of alcohol can be demonstrated by two recent Montgomery County cases which were both appealed to this Court.[2] The *Ferguson* case was discontinued; however, *Department of Transportation v. O'Connell,* 99 Pa. Commonwealth Ct. 410, 513 A.2d 1083 (1986), has been decided by this Court. In *O'Connell,* the appellee was arrested for driving under the influence and was taken to the police department where he was given his *Miranda* warnings and requested to take a breathalyzer. When asked to take the breathalyzer, the appellee inquired as to whether he could make a phone call and the officer *refused*. On appeal to this Court, we held that a police officer does not have an automatic duty to inform every arrestee that the *Miranda* right to counsel does not apply to the breathalyzer test. However, when the arrestee responds to the request that he take the test with an inquiry regarding whether he may consult with someone before making a decision, the duty then arises in the officer to inform the arrestee that the *Miranda* right to counsel does not apply to the breathalyzer test. *Id.* at 415, 513 A.2d at 1085[3] Hence, the instant case is distinguishable from *O'Connell.* Here, when McFadden inquired as to whether he could make a phone call, Officer Twist consented. Thus, if Officer Twist had not consented to McFadden's request, then Officer Twist would have been required to advise McFadden that the *Miranda* right to counsel does not apply to the breathalyzer test.

---

[2] Appellant refers to the Montgomery County cases of *Commonwealth v. Ferguson,* 114 Montg. Co. L.R. 288 (1984) and *Department of Transportation, Bureau of Traffic Safety v. O'Connell,* 114 Montg. Co. L.R. 294 (1984).

[3] The *Miranda* warnings do not apply to non-testimonial actions. *Commonwealth v. Benson,* 280 Pa. Superior Ct. 20, 421 A.2d 383 (1980).

Lastly, the trial court concluded, based upon the testimony of Officer Twist, that McFadden did make a knowing and conscious refusal to take the breathalyzer test. Credibility determinations are for the trial court and will not be disturbed if supported by competent evidence. *See Schnitzer v. Commonwealth,* 85 Pa. Commonwealth Ct. 38, 480 A.2d 388 (1984).

Therefore, for the reasons set forth herein, we affirm the trial court.

### ORDER

AND NOW, this 3rd day of August, 1987, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is hereby affirmed.