64

550 A.2d 267

Courtney Earley, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Submitted on briefs August 23, 1988, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Logan M. Bullitt,* for appellant.

*Donald H. Poorman,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Chief Counsel, and *John L. Heaton,* Chief Counsel, for appellee.

OPINION BY JUDGE PALLADINO, November 10, 1988:

Courtney Earley (Appellant) appeals from an order of the Court of Common Pleas of Montgomery County (trial court) which affirmed the suspension of his driver's license by the Pennsylvania Department of Transportation (DOT) pursuant to section 1547(b) of the Vehicle Code, 75 Pa. C. S. §1547(b).[1] We affirm.

Appellant was placed under arrest for violating section 3731 of the Vehicle Code, 75 Pa. C. S. §3731 (driving under the influence). Appellant was advised of his *Miranda*[2] rights, and then requested to submit to a breathalyzer test and warned of the consequences of a failure to do so. Appellant did not assent to a breathalyzer test but requested to talk to his father. Appellant's request to speak to his father was answered in the negative by police. Appellant was then warned numerous times by police that a refusal to submit to a breathalyzer test would result in suspension of his operating privileges. As a result of Appellant's refusal to submit to a breathalyzer test, DOT suspended Appellant's operat-

---

[1] Section 1547(b) of the Vehicle Code, 75 Pa. C. S. §1547(b), provides in pertinent part:
> (1) If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privileges of the person for a period of 12 months.

[2] *Miranda v. Arizona,* 384 U.S. 436 (1966).

ing privileges pursuant to section 1547(b) of the Vehicle Code.

On appeal to this court,[3] Appellant contends that his request to speak to his father, who was an attorney, did not constitute a refusal because police did not advise him that the *Miranda* right to counsel does not apply to a breathalyzer test.

Appellant relies on *Department of Transportation, Bureau of Traffic Safety v. O'Connell,* 99 Pa. Commonwealth Ct. 410, 513 A.2d 1083 (1986), *petition for allowance of appeal granted,* 515 Pa. 587, 527 A.2d 546 (1987). In *O'Connell,* we stated that a request to consult an attorney in response to a police officer's request to submit to a breathalyzer test constitutes a refusal subject to certain limitations. One such limitation is that when in response to a request to take a chemical test the arrestee inquires "whether he may consult with someone before making a decision," the police officer has a duty to inform the arrestee that the *Miranda* right to counsel does not apply to the breathalyzer test. *Id.* at 415, 513 A.2d at 1085. Appellant contends that he requested permission to speak with "someone," namely his father, that he was *not* advised that the *Miranda* right to counsel did not apply as required by *O'Connell,* and that, therefore, his request to talk to his father does not constitute a refusal.

Appellant misinterprets the *O'Connell* decision. Clearly, *O'Connell* imposes a duty upon police to inform the arrestee that the *Miranda* right to counsel does not apply when the arrestee indicates to police

---

[3] Our scope of review in a license suspension case is limited to a determination of whether findings of fact are supported by competent evidence, errors of law have been committed or the common pleas court's decision demonstrates a manifest abuse of discretion. *Lewis v. Commonwealth,* 114 Pa. Commonwealth Ct. 326, 538 A.2d 655 (1988).

that he desires to consult an attorney. As we stated in *O'Connell,* a police officer does not have an "automatic duty to inform every arrestee that the *Miranda* right to counsel does not apply to the breathalyzer test." *Id.* at 415, 513 A.2d at 1085. It is only in the case where an arrestee requests to speak to an attorney before deciding whether to submit to a breathalyzer test that the possibility of confusion regarding the applicability of the *Miranda* right to counsel exists.

In this case, Appellant did not request to speak to an attorney. Appellant only asked to speak to his father. Police had no way of knowing Appellant's father was an attorney. Therefore, police had no duty to inform Appellant that the *Miranda* right to counsel did not apply.

To hold otherwise would be to conclude that the police must notify an arrestee that the *Miranda* right to counsel does not apply whenever an arrestee asks to consult a parent. We decline to reach this result. It is only where the arrestee indicates to police a desire to consult counsel that the police must inform him that *Miranda* does not apply.

In this case, we conclude that Appellant's request to talk to his father when asked to submit to a breathalyzer test constituted a refusal. Anything less than an unqualified, unequivocal assent to a request to submit to a chemical test constitutes a refusal. *Lewis v. Commonwealth,* 114 Pa. Commonwealth Ct. 326, 538 A.2d 655 (1988).

Accordingly, we affirm.

### ORDER

AND NOW, November 10, 1988, the order of the Court of Common Pleas of Montgomery County is affirmed.

Judge MACPHAIL did not participate in the decision in this case.