553 A.2d 108

John Russell Shaw, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellee.

Submitted on briefs October 25, 1988, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Donald E. Havens,* for appellant.

*Donald H. Poorman,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Chief Counsel, and *John L. Heaton,* Chief Counsel, for appellee.

OPINION BY SENIOR JUDGE BARBIERI, January 19, 1989:

John Russell Shaw (Appellant) appeals an order of the Delaware County Court of Common Pleas dismiss-

ing his appeal of a· one-year suspension of his driver's license for failure to submit to a breath test pursuant to Section 1547(b) of the Vehicle Code (Code), 75 Pa. C. S. §1547(b).

On August 20, 1987, a vehicle driven by Appellant struck a parked police car from the rear. At a *de novo* hearing before the trial court on March 21, 1988, Officer Raffaele, of the Darby Borough Police Department, testified that he noticed a strong odor of alcohol upon opening Appellant's car door after the accident. He further testified that Appellant required assistance in exiting his vehicle. Officer Raffaele stated that Appellant twice refused to submit to a field sobriety test.

After being placed under arrest for driving under the influence of alcohol,[1] Appellant was advised of his *Miranda* rights.[2] Appellant was asked to submit to a breath test at the accident scene and refused.

Officer Raffaele then transported Appellant to the police station where he was asked three more times if he would submit to a breath test. Appellant refused even though Officer Raffaele informed him on each request, including the request at the accident scene, that a refusal would result in the loss of his driver's license for a period of one year. ·

Appellant testified that when he was asked to submit to a breath test at the police station, he asked to call his attorney but was not allowed to do so. Officer Raffaele testified that Appellant asked him to call the police chief which he refused to do. The officer further testified that he was positive ·that Appellant did not ask if he could call his attorney. The trial court found the

---

[1] Section 3731 of the Code, 75 Pa. C. S. §3731.

[2] Appellant was given the warnings required by the United States Supreme Court's landmark decision in *Miranda v. Arizona,* 384 U.S. 436 (1966). ·

arresting officer's testimony to be more credible than Appellant's and dismissed the appeal by order dated March 21, 1988.

Pursuant to Pa. R.C.P. No. 227.1 Appellant filed a motion for post-trial relief which the trial court denied by order dated March 29, 1988. Appellant then filed his notice of appeal with this Court from the order denying post-trial relief.[3]

The Pennsylvania Rules of Civil Procedure apply only to civil actions and not to statutory appeals. *Pennsylvania Liquor Control Board v. Willow Grove Veterans Home Association, Inc.,* 97 Pa. Commonwealth Ct. 391, 509 A.2d 958 (1986). Post-trial motions filed pursuant to Pa. R.C.P. No. 227.1 are not permitted on statutory appeals unless required by the statute or by local rule. *Johnston v. Department of Transportation,* 102 Pa. Commonwealth Ct. 183, 517 A.2d 585 (1986).

Pursuant to Section 1550 of the Code, 75 Pa. C. S. §1550, licensees are entitled to a hearing in common pleas courts after the Department of Transportation has suspended their operating privileges. Therefore, the hearing in this matter was a statutory appeal. *See Johnston.* Post-trial motions are not required by the Code nor do the Delaware County local rules require them in statutory appeals. As Appellant's notice of appeal was filed within thirty days of the trial court's initial order denying his appeal, we will consider the appeal to be from that order rather than from the denial of post-trial relief.

Appellant contends that there was no refusal because Officer Raffaele failed to inform him that his

---

[3] Appellant's notice of appeal states that it is filed from the order of March 30, 1988. Although judgment was entered on the 30th, the order denying post-trial relief is dated the 29th.

*Miranda* rights do not apply to a request to submit to a breath test.[4] Appellant maintains he was confused over whether he had to submit to a breath test in light of his *Miranda* warnings.

An operator's driving privileges may be suspended pursuant to Section 1547(b) of the Code where the Department of Transportation proves (1) that the licensee was placed under arrest for driving under the influence and the arresting officer had reasonable grounds to believe the licensee was driving under the influence; (2) that he was requested to submit to a breath test or other authorized test; (3) that he refused to do so and (4) that the licensee was warned that his or her driving privileges would be revoked for refusing to submit to testing. *Department of Transportation v. Grippo,* 111 Pa. Commonwealth Ct. 421, 533 A.2d 1142 (1987). The sole question we are presented with is whether Appellant refused to submit to chemical testing.

We have held that asking to consult with an attorney, in response to a police officer's request to submit to a breath test, constitutes a refusal to take such test. *King v. Department of Transportation, Bureau of Traffic Safety,* 81 Pa. Commonwealth Ct. 177, 472 A.2d 1196 (1984). However, we have held that a simple inquiry, "May I call my lawyer?", when asked to submit to a test, was merely a question and "that a refusal cannot be implied from a mere question." *Department of Transportation, Bureau of Traffic Safety v. Doherty,* 88 Pa. Commonwealth Ct. 482, 485, 490 A.2d 481, 482 (1985). We have also held that an arrestee's request to

---

[4] Our scope of review is limited to determining whether the trial court's findings are supported by competent evidence, whether an error of law has been committed, and whether the trial court's decision constitutes a manifest abuse of discretion. *Waigand v. Commonwealth,* 68 Pa. Commonwealth Ct. 541, 449 A.2d 862 (1982).

call someone, (presumably a lawyer), to tell him what to do must be responded to negatively before a refusal can be established. *Department of Transportation, Bureau of Traffic Safety v. Ferrara,* 89 Pa. Commonwealth Ct. 549, 493 A.2d 154 (1985), *citing Doherty.*

We discussed both *Doherty* and *Ferrara* in *Department of Transportation, Bureau of Traffic Safety v. O'Connell,* 99 Pa. Commonwealth Ct. 410, 513 A.2d 1083 (1986), *petition for allowance of appeal granted,* 515 Pa. 587, 527 A.2d 546 (1987). The licensee in *O'Connell* was given his *Miranda* warnings after his arrest for driving under the influence. There we held that a police officer does not have an automatic duty to inform licensees who are arrested for driving under the influence that the *Miranda* right to counsel does not apply to a request to submit to a breathalyzer test. We stated that "[t]he duty arises only where the arrestee responds to the request that he take the test with an inquiry regarding whether he may consult with someone before making a decision." *Id.* at 415, 513 A.2d at 1085.

In reversing the trial court's order affirming the appeal of the suspension in *O'Connell,* we held that there was no competent evidence to support the trial judge's finding that the licensee actually *told* the arresting officer that his refusal was based on the fact that he was not permitted to contact an attorney.

Although Appellant maintains here that he requested to call his attorney in response to the officer's request that he submit to a breath test, the trial court found the officer's testimony to be more credible. As we have stated, Officer Raffaele testified that Appellant asked him to call the police chief, although the officer could not recall when this request was made. There is no record evidence as to why Appellant wanted the officer to call his chief. He further testified that Appellant did *not* ask

to call his attorney. Questions of credibility and the resolution of conflicting testimony are the province of the trial court. *Campbell v. Department of Transportation, Bureau of Traffic Safety,* 16 Pa. Commonwealth Ct. 9, 329 A.2d 867 (1974).

*O'Connell* is not controlling as Appellant did not respond to Officer Raffaele's request to submit to a breath test with a question as to whether he could consult an attorney before submitting to chemical testing. Further, Appellant was asked several times to submit to chemical testing and refused despite being warned that he would lose his license for one year for doing so. The evidence supports the trial court's finding of a refusal. Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, this 19th day of January, 1989, the order of the Delaware County Court of Common Pleas dated March 21, 1988, at No. 87-16318, denying John Russell Shaw's appeal of his license suspension, is affirmed.

Judge PALLADINO concurs in the result only.