553 A.2d 1042

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant v. Paul David Mihalaki, Appellee.

Submitted on briefs November 9, 1988, to Judges DOYLE and MCGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Melissa K. Dively*, Assistant Counsel, with her, *Christopher J. Clements*, Assistant Counsel, *Harold H. Cramer*, Assistant Chief Counsel, and *John L. Heaton*, Chief Counsel, for appellant.

*Kevin J. Rozich*, for appellee.

OPINION BY JUDGE DOYLE, February 6, 1989:

The Pennsylvania Department of Transportation (DOT) appeals from an order of the Court of Common Pleas of Cambria County, which sustained the appeal of Paul Mihalaki, and reversed DOT's suspension of Mihalaki's driver's license for one year for refusal to submit to chemical testing. We reverse.

Mihalaki was involved in an automobile accident on October 22, 1987. He was transported to the hospital, where Lieutenant Vitko of the Johnstown Police Department questioned Mihalaki about the accident. After smelling alcohol on Mihalaki's breath, the lieutenant arrested Mihalaki for driving while intoxicated, a violation of Section 3731 of the Vehicle Code (Code), 75 Pa. C. S. §3731.

> The following facts were then found by the trial court:
> Officer Vitko then requested [Mihalaki] to submit to a blood test to determine the alcoholic content

of his system. 75 Pa. C.S.A. §1547(a). [Mihalaki] replied he was afraid of needles and that he did not want to take a blood test until he contacted his attorney. Officer Vitko warned [Mihalaki] on three occasions that his license would be suspended for a period of twelve months should [Mihalaki] refuse to take the blood test.

[Mihalaki's] attorney could not be immediately located. When [Mihalaki] indicated he was still waiting for his attorney before he would agree to take the blood test, the officer stated he could not wait anymore and left the hospital. After finally reaching contact with his attorney, [Mihalaki] submitted to the blood alcohol test.

The trial court recognized that the only issue to be decided was whether Mihalaki's refusal to take the blood alcohol test before talking to his attorney constituted a refusal under the Code. While acknowledging the basic rule in Pennsylvania is that a request by a driver to contact his attorney in response to an officer's request to submit to chemical testing constitutes a refusal, *see e .g., King v. Department of Transportation, Bureau of Traffic Safety,* 81 Pa. Commonwealth Ct. 177, 472 A.2d 1196 (1984), the trial court nevertheless, concluded that recent decisions of this Court modified that rule so that even though the police officer is under no initial duty to inform the driver that he has no right to consult with an attorney before being tested, "once the driver requests to speak to a lawyer, the officer *must inform* him he has no such right under the Motor Vehicle Code. *Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety v. O'Connell,* 99 Pa. Commonwealth Ct. 410, 415, 513 A.2d 1083, 1085 (1986)." (Emphasis in original.)[1]

---

[1] A petition for allowance of appeal was granted in *O'Connell. See id.* 515 Pa. 587, 527 A.2d 546 (1987).

Such is not the law. What was stated in *O'Connell* was an explanation of *Department of Transportation, Bureau of Traffic Safety v. Doherty,* 88 Pa. Commonwealth Ct. 482, 490 A.2d 481 (1985), that "a *question* posed by the driver as to whether he is entitled to consult an attorney before deciding, must be answered; *i.e.,* a refusal cannot be implied from a mere question." *O'Connell,* 99 Pa. Commonwealth Ct. at 414, 513 A.2d at 1085 (emphasis added). We further explained in *O'Connell* that such an *inquiry* must be responded to negatively, citing *Department of Transportation, Bureau of Traffic Safety v. Ferrara,* 89 Pa. Commonwealth Ct. 549, 493 A.2d 154 (1985), and concluded with the following language:

> We now clarify that Doherty and Ferrara do not place upon a police officer the automatic duty to inform every arrestee that the Miranda right to counsel does not apply to the breathalyzer test. The duty arises only where the arrestee responds to the request that he take the test with an *inquiry* regarding whether he may consult with someone before making a decision.

*O'Connell,* 99 Pa. Commonwealth Ct. at 415, 513 A.2d at 1085 (emphasis added).

In the case presented, Mihalaki never *asked* the officer whether he could call an attorney—nor did the officer refuse such a request. In fact, Mihalaki's attorney actually *was* called (he just was not at home before the officer left the hospital).[2] Further, Mihalaki was not even given *Miranda* warnings nor did he otherwise testify or in any way indicate that he was confused over his right to consult counsel. The entire tenor of Mihalaki's evidence and his

---

[2] The trial court specifically found that the attorney was contacted. It wrote, "Indeed, the record shows that the arresting officer allowed Mr. Mihalaki to try and contact his attorney before departing."

legal argument is that he consented to take the test and did take the test, but only *after* he had consulted his attorney. However, this was only *after* the officer had left the hospital after having spent approximately twenty minutes repeatedly requesting Mihalaki to take the test and after Mihalaki had refused three times to do so unless he first spoke to his attorney.

Accordingly, having determined that Mihalaki's actions constituted a refusal under the Code, we must reverse the trial court's order.

### ORDER

NOW, February 6, 1989, the order of the Court of Common Pleas of Cambria County in the above-captioned matter is hereby reversed and DOT's suspension is reinstated.