568 A.2d 1343

**In re Appeal of PETERS TOWNSHIP LEGION HOME ASSO-
CIATION, INC. from the Decision of the Council of
Peters Township, Washington County, Pennsylvania.**

**Appeal of COUNCIL OF PETERS TOWNSHIP, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Oct. 3, 1989.

Decided Jan. 16, 1990.

William A. Johnson, Binotto, Sweat & Johnson, Washington, for appellant.

Robert N. Clarke, Washington, for appellee.

Before CRUMLISH, Jr., President Judge, COLINS, Judge and BARBIERI, Senior Judge.

COLINS, Judge.

The Council of Peters Township appeals an order of the Court of Common Pleas of Washington County which sustained the appeal of the Peters Township Legion Home Association, Inc. (appellee) from the termination of a special exception granted to the appellee by Peters Township (Township) to construct a legion home.

In 1969, the appellee purchased property for the purpose of constructing a legion home. The property in question was zoned R–1 residential and this sale was contingent upon the appellee securing a special exception. Under the Township's zoning ordinance in effect at this time, fraternal organizations were a permitted use in a R–1 district as a special exception. After a series of hearings before the Peters Township Zoning Hearing Board (Board), the appellee's application for a special exception was granted and on December 17, 1969, the appellee purchased the property on an installment basis. The appellee satisfied its outstanding balance for the property on June 29, 1972.

Appellee's building plans were approved by the Township on May 17, 1973. On July 30, 1973, the appellee paid the sum of $600.00 for preparation of additional building plans. Furthermore, the appellee paid architectural fees of $425.00 on July 31, 1973. During 1973 and 1974, the appellee sought construction loans for this project.

The Township's zoning ordinance was amended on March 18, 1974, to provide that no building permit would be valid or effective after six months from the date of its issuance and would, therefore, be void unless the work authorized by such permit shall be substantially commenced within six months from the date of issuance and pursued with due diligence. Upon a showing of good cause, a permit was capable of being renewed. On April 1, 1974, the Township again amended its ordinance, this time deleting lodge homes and fraternal organizations as special exceptions in a R–1 district. Lodges are now zoned commercially; however, the property in question maintained its R–1 zoning.

The Pennsylvania Department of Labor and Industry approved the appellee's building plans on February 24, 1975. The appellee received a sewerage permit on April 21, 1975, and a new building permit was issued on April 28, 1975. This permit expired in January, 1976. No construction was done until 1986 because a fire at the former legion home caused financial problems as a result of declining membership.

In 1986 and 1987, the appellee graded the premises. Furthermore, in 1987, the appellee spent $5,741.80 toward the construction of the legion home. In the fall of 1987, appellee sought a construction loan. The appraisals obtained by the appellee evaluate the property at $150,000.00 with the building and at $55,000.00 without. In late 1987, the appellee applied for a flood plain variance. The Township, in February of 1988, responded by directing its Township Manager to inform the appellee that its special exception had expired.

The flood plain variance was granted on March 15, 1988, by the Board, notwithstanding the fact that the Township

solicitor had notified the appellee, by letter dated February 23, 1988, that the special exception to construct the legion home was no longer considered valid. In April of 1988, the appellee sought an additional grading permit and was advised that no further action would be taken by the Township pursuant to the Township solicitor's letter.

The appellee filed an appeal to the Court of Common Pleas of Washington County on the basis of the Township's refusal to recognize the validity of the 1969 special exception. The trial court issued its opinion and order on November 22, 1988, holding that the appellee continued to possess its special exception because the special exception could not be properly restricted under the ordinance. On November 30, 1988, the appellant, pursuant to Pa.R.C.P. 227.1, filed post-trial relief in the form of exceptions to the trial court's decision. The appellee challenged the jurisdiction of the trial court to consider exceptions and maintained that the proper course of action was to file a direct appeal to this Court.

On April 11, 1989, the trial court affirmed its November 22, 1988, decision and found that no time limit as to the special exception had been enacted by appellant and that the appellee had made substantial and unrecoverable expenditures in reliance on the grant of the special exception. Furthermore, the trial court ruled that the appellant should have filed a direct appeal from its November 22, 1988, order as opposed to a motion for post-trial relief.

The appellant appealed to this Court and the appellee filed a motion to quash said appeal as being untimely. On June 8, 1989, oral argument was held on the motion to quash and by *per curiam* order dated June 14, 1989, the Court reserved a decision on the motion until arguments on the merits were heard. The appellee filed an additional motion to quash on September 11, 1989.

■ Initially, this Court must decide whether this appeal is statutory or civil in nature. If we rule that it is statutory then the appellee's motion to quash the appeal as untimely

should be granted. The trial court's opinion was filed on November 22, 1988. On April 11, 1989, the trial court affirmed its November 22, 1988, order and further stated that it believed this matter was statutory in nature. The appellant's appeal of the November 22, 1988, order was not filed with this Court until after the April 11, 1989, decision of the trial court affirming its prior decision.

Appellant relies on Section 1006(1)(a) of the Pennsylvania Municipalities Planning Code (MPC),[1] for the proposition that this matter is not a statutory appeal because there was no hearing resulting in an adjudication by the governing body. This section of the MPC was repealed by the Act of December 21, 1988, P.L. 1329, after the trial court's November 22, 1988, decision but before the trial court's April 11, 1989, affirmance of that decision. This section provides the statutory basis for the appeal taken by appellee to the trial court. It was in effect at the time the appellee commenced this suit and, therefore, it applies in our analysis of the nature of this proceeding.

Appellant next suggests that this matter is civil in nature and that a motion for post-trial relief, in the form of exceptions to the trial court's opinion, was properly filed pursuant to Pa.R.C.P. 227.1. Appellant argues that it relied upon the Washington County Local Rule L-200.5 entitled "Post-trial Motions—Civil" which states: "1. [a]s used here-

1. Act of July 31, 1968, P.L. 805, *as amended, formerly* 53 P.S. § 11006(1)(a), which stated:

(1) A landowner who desires to file a zoning application or to secure review or correction of a decision or order of the governing body or any officer or agency of the municipality which prohibits or restricts the use or development of land in which he has an interest on the grounds that such decision or order is not authorized by or is contrary to the provisions of an ordinance or map shall proceed as follows:

(a) From a decision of the governing body or planning agency under a subdivision or land development ordinance, the landowner may appeal directly to court or to the zoning hearing board under Section 913.1 in cases where that section is applicable. If the municipality provides procedure, formal or informal, for the submission of preliminary or tentative plans, an adverse decision thereon shall, at the landowner's election, be treated as final and appealable.

in, the term 'post-trial motions' shall include motions for a new trial, for judgment n.o.v., motions to take off compulsory non-suit, exceptions to any order of court, and any other request for relief following trial." While it is true that the appellant was taking exception to the trial court's order, the local rule in question pertains to "post-trial motions" and no trial was held in this matter.

To further support its argument, appellant cites *Bridgeview Apartments, Inc. v. Brady*, 31 Pa.Commonwealth Ct. 126, 375 A.2d 854 (1977), for the proposition that it is mandated that exceptions be filed to the trial court's opinion. In *Bridgeview*, a writ of mandamus was used to compel the township to issue building and zoning permits where the township refused to reissue permits originally granted. The appellant argues that *Bridgeview* is analogous to this matter because the appellee sought enforcement of a permit granting the special exception. *Bridgeview* dealt specifically with a writ of mandamus which required the filing of exceptions.

In this matter, the appellee did not institute an action in mandamus, but simply filed an appeal in the Court of Common Pleas from the adverse decision of the Township which stated that its special exception was no longer valid. The appellee properly argues that this matter does not deal with mandamus, because it could not have filed a mandamus action requesting the issuance of a special exception when, in fact, the special exception had already been granted in 1969.

The trial court, in its April 11, 1989, opinion in footnote No. 1, stated:

> This court must conditionally render this opinion. While we choose to address appellee's current contentions, we are of the opinion that this matter is not properly before us. This matter began as a statutory appeal.... As such, appeals of this matter, following our adjudication thereunder, must be taken to the Commonwealth Court and not presented to this court in the form of exceptions.

*Shaw v. Department of Transportation,* 122 Pa.Commonwealth Ct. 636, 553 A.2d 108 at 109 (1989).

 We agree with Judge John F. Bell of the Court of Common Pleas of Washington County, and the appellee that this is a statutory appeal and that the *Shaw* is, therefore, applicable in this matter. In *Shaw,* we held that the Pennsylvania Rules of Civil Procedure apply only to civil actions and not to statutory appeals. *See also Pennsylvania Liquor Control Board v. Willow Grove Veterans Home Association, Inc.,* 97 Pa.Commonwealth Ct. 391, 509 A.2d 958 (1986). Post-trial motions filed pursuant to Pa.R.C.P. 227.1 are not permitted in statutory appeals unless required by statute or by local rules. *Johnston v. Department of Transportation,* 102 Pa.Commonwealth Ct. 183, 517 A.2d 585 (1986). Furthermore, the local rule upon which the appellant relies does not state that post-trial motions shall be filed in statutory appeals.

 In *Ciaffoni v. Washington County Board for Assessments of Appeals,* 112 Pa.Commonwealth Ct. 135, 535 A.2d 247 (1987), a case also dealing with the propriety of post-trial motions in a civil appeal, we resolved the case on its merits in the event that we had erred in disposing of the matter on procedural grounds. We will do likewise here. The section of the ordinance under which the appellee was granted a special exception states:

These provisions shall apply to any special exception application filed on or after August 9, 1982. Previously approved special exceptions shall be affected as follows: if no preliminary plan has been filed, the applicant shall have six months from August 9, 1982 in which to do so, and in that event, all provisions stipulated above shall apply; *if preliminary plans for the entire development or any section thereof have been filed prior to August 9, 1982, such special exception shall not be affected by any change in municipal ordinances or plans pertaining to zoning classification* or density, or lot, building, street or utility location, enacted subsequent to the filing of the special exception application provided the special

exception approval did not contain a special and express provision to the contrary. (Section 103(4–4) of the Peters Township Zoning Ordinance) (emphasis added).

The record reflects that the special exception was granted prior to August 9, 1982. The record also reflects that the appellee filed the necessary preliminary plans when it sought its building permits. Thus, in accordance with the zoning ordinance, the special exception could not expire.

Based upon the foregoing discussion, the appellee's motion to quash this appeal as being untimely filed is granted.

## ORDER

AND NOW, this 16th day of January, 1990, the appellee's Motion to Quash appeal as being untimely filed in the above-captioned matter is granted.