Leo John Walsh, Appellant *v*. Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellee.

Submitted on briefs April 7, 1983, to President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*Joseph J. Sadowski,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., June 10, 1983:

Leo John Walsh appeals a Luzerne County Common Pleas Court order dismissing his appeal of a driver's license suspension. We affirm.

Walsh was arrested for driving under the influence of alcohol. Following his refusal to take the breathalyzer test, Walsh's driving license was suspended for six months. Walsh was never charged with driving under the influence of alcohol. At the trial court, Walsh argued that the suspension was invalid because he had not been charged with driving under the influence. His appeal was dismissed, the court holding that a formal charge was unnecessary.

Walsh now reiterates that argument and we too reject it. Section 1547(b) of the Vehicle Code,[1] provides in part:

---

[1] 75 Pa. C. S. 1547(b).

(1) If any person *placed under arrest* for driving under the influence of alcohol is requested to submit to a chemical test and refuses to do so, the test shall not be given but upon notice by the police officer, the department shall:

(i) suspend the operating privilege of the person for a period of six months. . . . (Emphasis added.)

The statutory language is clear. The legislature indisputably prescribed that a mere arrest warrants submission to the test. *See Department of Transportation, Bureau of Traffic Safety v. Burke,* 31 Pa. Commonwealth Ct. 290, 375 A.2d 1375 (1977).[2]

Affirmed.

### ORDER

The Luzerne County Common Pleas Court order in No. 1096-C of 1982, dated May 3, 1982, is hereby affirmed.

---

[2] We have reviewed the cases cited by Walsh in support of his argument, *Grabish v. Commonwealth,* 50 Pa. Commonwealth Ct. 246, 413 A.2d 431 (1980), and *White v. Commonwealth,* 59 Pa. Commonwealth Ct. 156, 428 A.2d 1044 (1981), and have found them inapposite because neither involved the question of whether Section 1547(b) requires a formal driving under the influence charge.