514 A.2d 684

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant v. Mary M. Morrison, Appellee.

Submitted on briefs July 15, 1986, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Lester Krasno, Krasno & Krasno,* for appellee.

OPINION BY SENIOR JUDGE BARBIERI, September 5, 1986:

This is an appeal by the Pennsylvania Department of Transportation, Bureau of Traffic Safety (Bureau), from an order of the Court of Common Pleas of Schuylkill County. That order sustained the appeal of Mary M. Morrison and reversed the Bureau's order suspending Morrison's operator's license pursuant to Section 1547 of the Vehicle Code, 75 Pa. C. S. §1547, for refusing to submit to a chemical test of her breath.

The record presents the following pertinent facts. One the evening of December 5, 1979, Pottsville Police Officer Michael O'Toole was summoned to the scene of a motor vehicle accident at Jackson and East Norwegian Street in Pottsville. Upon arrival at the scene, Officer O'Toole and another officer observed Morrison lying in a grassy area next to the vehicle. While assisting her to her feet, Officer O'Toole noted the odor of alcohol on Morrison's breath and that she could not stand up or walk on her own. At that time, he placed her under arrest and requested her to submit to a chemical breath test. He also warned her that her operator's license would be suspended if she refused. Morrison refused to submit to the test until she spoke with an attorney. She spoke both with her former husband and an attorney

and upon arrival at the Pottsville Police Station she was given another opportunity to submit to a chemical test. She again refused.

On December 29, 1979, the Bureau notified Morrison that it was suspending her operating privileges for a period of six months pursuant to 75 Pa. C. S. §1547 as a result of her refusal to submit to a breathalyzer on December 5, 1979. She appealed that order to Schuylkill County Common Pleas Court pursuant to Section 933 of the Judicial Code, 42 Pa. C. S. §933, and a hearing was held on September 29, 1980. On October 14, 1980, the common pleas court sustained Morrison's appeal and reversed the Bureau's suspension order on the basis she was not formally charged with driving under the influence before being requested to submit to the chemical test. The Bureau filed a timely appeal to this Court.[1]

The sole issue for resolution by this Court is whether a motorist must be formally charged with driving under the influence prior to being requested to submit to a chemical test for a refusal to so submit to constitute a basis for suspending the motorist's operating privileges under 75 Pa. C. S. §1547.[2] We believe a formal charge of driving under the influence is not required prior to requesting a motorist to submit to a chemical test and reverse the common pleas court.

---

[1] Although the Bureau filed its appeal of the common pleas court order with this Court on November 6, 1980, the record was not lodged with this Court until March 8, 1985. The delay in lodging the record constitutes the inordinate amount of time from the filing of the appeal until the rendering of a decision on the merits.

[2] Our scope of review in cases where the common pleas court is the fact-finder is limited to determining whether the common pleas court based its findings of fact upon substantial evidence or committed an error of law. *Department of Transportation, Bureau of Traffic Safety v. Stafford,* 28 Pa. Commonwealth Ct. 157, 367 A.2d 816 (1977).

In *Walsh v. Department of Transportation, Bureau of Traffic Safety,* 75 Pa. Commonwealth Ct. 55, 460 A.2d 1233 (1983), we considered this precise issue and resolved it against the position now urged by Morrison. In *Walsh,* President Judge CRUMLISH held that the statutory language of 75 Pa. C. S. §1547(b) clearly shows the General Assembly indisputably prescribed that a mere arrest warrants submission to a chemical test. *Id.* at 57, 460 A.2d at 1233. The common pleas court specifically found that Morrison was placed under arrest prior to being requested to submit to the chemical test. Slip Op. at 2, R.R. 38a. The officer, therefore, complied with the requirements of 75 Pa. C. S. §1547[3] prior to requesting Morrison to submit to a chemical test and the Bureau properly suspended her operator's license for six months on the basis of her refusal to submit to such a test.

Finding that no formal charge of driving under the influence is required under 75 Pa. C. S. §1547 prior to requiring a motorist to submit to a breath test, we must reverse the common pleas court and reinstate the Bureau's operator's license suspension order.

ORDER

NOW, September 5, 1986, the Order of the Court of Common Pleas of Schuylkill County at Docket No. S-120-1980, dated October 14, 1980, which sustained the appeal of Mary M. Morrison, is hereby reversed and the Order of the Pennsylvania Department of Transportation, Bureau of Traffic Safety, dated December 28, 1979, which suspends the operating privilege of Mary M. Morrison for a period of six months, is hereby reinstated.

---

[3] There is no question that the officer had reasonable grounds to believe Morrison was driving while intoxicated or fulfilled his statutory duty to warn her that her operator's license would be suspended for refusing the chemical test, which the Bureau is required to show in order to sustain a challenged suspension order. *See Hando v. Commonwealth,* 84 Pa. Commonwealth Ct. 63, 478 A.2d 932 (1984).