526 A.2d 1221

**Jean M. RINCK, Appellee,**

v.

**George W. RINCK, II, Appellant.**

Superior Court of Pennsylvania.

Argued April 2, 1987.

Filed June 5, 1987.

594

Albert Momjian, Philadelphia, for appellant.

Thomas C. Clark, Middleburg, for appellee.

Before WIEAND, BECK and CERCONE, JJ.

WIEAND, Judge:

On November 6, 1980, George W. Rinck and Jean M. Rinck, husband and wife, entered into a property settlement agreement. Their agreement was incorporated into a final divorce decree entered on February 17, 1981. The agreement contained, inter alia, the following provision:

> Defendant George W. Rinck, II, shall pay Plaintiff, Jean M. Rinck, permanent alimony from date hereof continuously, during and throughout her lifetime so long as she does not remarry, one-third of his gross monthly income. Gross income of Defendant shall be considered any assets or sums received by him from any source whatsoever, excluding income from Defendant's Social Security retirement benefits and benefits from retirement plans and annuities. Defendant's gross income shall be verified annually on or before March 15th of the following year by certified finincial [sic] report prepared by a certified public accountant at Defendant's expense. The Court shall retain continuing jurisdiction of the matter in order to enforce this order.

It is this provision which has given rise to the instant dispute.

George Rinck, a medical doctor, is employed on the staff of Evangelical Community Hospital in Lewisburg. At the time of the divorce, he also conducted a part-time, general medical practice in Middleburg. On the advice of his accountant, he incorporated his medical practice on September 26, 1983. Prior to formation of a professional corporation, husband's gross income was approximately $30,000.00 per year and his alimony obligation was approximately $10,000.00. After incorporation, he determined his own salary and elected to withdraw from the corporation, as salary, the sum of $11,000.00 per year. Thereafter, husband reduced the amount paid to his former wife to $3,663.00 per year.

Wife filed a "petition for contempt" in which she alleged that her former husband had willfully refused to comply with the alimony provisions of the divorce decree. Following a hearing on December 2, 1985, the court declined to find Dr. Rinck in contempt of court, but clarified the divorce decree by ordering that future alimony payments be determined in accordance with the annual gross income derived by his professional corporation. On appeal, Dr. Rinck argues that the trial court abused its discretion by (1) piercing the corporate veil, and (2) defining his gross income to include the gross income of his wholly owned professional corporation, rather than the salary which he is paid by the corporation.

The parties' agreement which was incorporated into the final divorce decree requires appellant to pay alimony in the amount of "one-third of his gross monthly income." Gross income is defined by the agreement as "any assets or sums received by [appellant] from any source whatsoever, excluding income from ... social security retirement benefits and benefits from retirement plans and annuities." For the three years preceding formation of the professional corporation, appellant's annual income was approximately $30,000.00. Following the formation of his professional corporation, appellant determined unilaterally that the income

from the practice of his profession would be paid to the corporation and he would receive an annual salary of $11,000.00. The decision to form a professional corporation was recommended by appellant's accountant. The accountant conceded, and the trial court found as fact, that the recommendation had been induced, at least in part, by a desire to reduce the amount of alimony payments which Dr. Rinck was required to pay to his former wife. In this manner, appellant attempted to subvert the court decree which required that he pay as alimony one-third of his gross income.

The trial court held that appellant would not be permitted to evade the agreed order by the expedient of forming a professional corporation to receive the income generated by his medical practice. We perceive no error in this decision. Although for most purposes a corporation is deemed an entity distinct from the individual stockholder(s), the fiction of a separate legal identity will be disregarded where incorporation is resorted to for the purpose of avoiding an existing obligation of the incorporator. 18 Am. Jur.2d *Corporations* § 51. See: *Commonwealth ex rel. Maier v. Maier*, 274 Pa.Super. 580, 418 A.2d 558 (1980) (where husband is sole owner of corporation and determines his own salary, the corporate veil will be pierced and corporate income will be considered in determining husband's earning capacity); *Commonwealth ex rel. Gutzeit v. Gutzeit*, 200 Pa.Super. 401, 189 A.2d 324 (1963) (in determining supporting spouse's earning capacity, court may consider not only salary paid by wholly owned corporation, but all perquisites provided by corporation). See also: *DeMasi v. Demasi*, (J. 32022/86; filed March 23, 1987); *Pacella v. Pacella*, 342 Pa.Super. 178, 492 A.2d 707 (1985). Accord: *Bellaire Securities Corp. v. Brown*, 124 Fla. 47, 87, 168 So. 625, 633 (1936) ("the law is well settled that the organization of a corporation for the purpose of evading an existing personal liability on the part of those who become its stockholders will not be allowed to achieve that purpose, for in such case the courts will 'pierce the veil of the corporation fiction' and hold the stockholders ... to their personal liability....").

■ Appellant argues that the corporate veil cannot be pierced unless the court makes a specific finding that he used his professional corporation to commit fraud, illegality or wrongdoing. This is a statement frequently made in the decided cases. See: 8A P.L.E. *Corporations* § 3. Appellant's reliance on this general language, however, fails to acknowledge the scope of the rule which permits the separate corporate entity to be disregarded whenever it is necessary to avoid injustice. Where, as here, a corporation has been formed to escape an existing legal obligation, the corporate entity will be ignored. The trial court did not err when it held that appellant was required to pay as alimony, pursuant to an agreed court order, one-third of the gross income received by a professional corporation formed by appellant after the court order had been entered.

Order affirmed.