533 A.2d 1142

Commonwealth of Pennsylvania, Department of Transportation, Appellant *v.* Louis H. Grippo, Appellee.

Submitted on briefs October 6, 1987, to Judges CRAIG and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, for appellant.

*S. Michael Streib,* for appellee.

OPINION BY JUDGE DOYLE, December 3, 1987:

The Department of Transportation, Bureau of Driver Licensing (Department) appeals from an order of the Court of Common Pleas of Allegheny County sustaining the appeal of Louis H Grippo (Appellee) from a one-year suspension of his operator's license for failure to submit to a breath test pursuant to Section 1547 of the Vehicle Code (Code).[1] We vacate and remand.

The suspension of Appellee's license arose out of an incident occurring on March 23, 1985. Although the versions of the incident related by Appellee and Officer Cindy Dietrich of the Pittsburgh Police Department differed widely in the proceeding below, the following facts are not disputed. On the day in question, Appellee, a Pittsburgh restaurateur, was observing a movie being filmed on location in his establishment. His car was parked in an adjoining alley. At the request of a

---

[1] 75 Pa. C.S. §1547.

garbage truck operator attempting to make his way through the alley, Officer Dietrich entered Appellee's restaurant and directed him to move his car. Appellee eventually complied and moved his automobile to another parking space. Officer Dietrich, who testified that she detected the odor of alcohol on Appellee's breath, arrested Appellee for driving under the influence,[2] and transported him to a nearby police station for purposes of having him submit to a breath test.

What transpired next is murky at best, but there is no question Appellee never took a breath test. Upon receiving a report of the incident, the Department suspended Appellee's operating privileges for one year pursuant to Section 1547 of the Code, due to Appellee's purported refusal to submit to the breath test.

Appellee appealed the suspension to the court of common pleas, which, following a hearing, sustained his appeal. The Department's appeal to this Court ensued.[3]

The trial court premised its reversal of Appellee's license suspension on the ground that the underlying charge against Appellee of driving under the influence was subsequently withdrawn by Officer Dietrich. This was clear error by the trial court. Under Section 1547 of the Code, the Department in order to suspend a driver's license must show only:

1) That the licensee was arrested for driving under the influence and that the arresting officer had reasonable grounds to believe the licensee was driving under the influence;

---

[2] Section 3731 of the Vehicle Code, 75 Pa. C.S. §3731.

[3] In a driver's license suspension case, this Court's scope of review is limited to determining whether the trial court manifestly abused its discretion or committed an error of law, and whether its findings are supported by competent evidence. *Department of Transportation, Bureau of Traffic Safety v. Turner*, 100 Pa. Commonwealth Ct. 539, 515 A.2d 96 (1986).

2) That the licensee was requested to submit to a breath test or other authorized test;[4]

3) That the licensee refused to take the test; and

4) That the licensee was warned that his or her license would be suspended or revoked if the licensee refused to submit to the test.

*See, e.g., Department of Transportation, Bureau of Traffic Safety v. O'Connell,* 99 Pa. Commonwealth Ct. 410, 513 A.2d 1083 (1986). The Department, however, does not need to demonstrate that a licensee was actually convicted of, or even formally charged with, driving under the influence in order to suspend his or her license under Section 1547. *Walsh v. Department of Transportation, Bureau of Traffic Safety,* 75 Pa. Commonwealth Ct. 55, 460 A.2d 1233 (1983). *See also Department of Transportation, Bureau of Traffic Safety v. Burke,* 31 Pa. Commonwealth Ct. 290, 375 A.2d 1375 (1977).

We cannot simply reverse the trial court in this instance, however, because we are unable to determine from the trial court's findings of fact whether the Department met its burden of proof. It is clear that Appellee was placed under arrest for driving under the influence within the meaning of Section 1547. In its opinion, however, the trial court wrote:

[S]he [Officer Dietrich] allegedly requested Defendant to submit to what has been known as a 'breathalyzer test.' There is some confusion as to whether Defendant was informed or adequately informed that his Pennsylvania vehicle operator's privileges would be suspended if he refused to participate in the test. In any event, Defendant did not 'take' the breathalyzer test.

Trial Court Op. at 2. The findings are, therefore, inadequate to enable us to perform our appellate review, and

---

[4] Section 1547 also authorizes tests of blood and urine.

we are constrained to remand this case to the trial court to determine the following questions:

First, whether Appellee was asked to submit to a breath test; and

Second, whether Appellee was warned that refusal to submit to the test would result in suspension or revocation of his driver's license.

The evidence in the record is conflicting on these points.[5] It is the function of the fact-finder, however, not this Court, to weigh conflicting evidence and make credibility determinations.

Accordingly, we vacate and remand.

## ORDER

The order of the Court of Common Pleas of Allegheny County in the above-captioned matter is vacated and the case remanded for further proceedings not inconsistent with this opinion.

Jurisdiction relinquished.

---

[5] Three persons testified at the hearing; Appellee; Officer Dietrich; and Officer James Anzelone, the operator of the breathalyzer machine. Appellee testified that he did not recall either being requested to submit to a breath test or being advised of the consequences of refusal (N.T. 35). Officer Dietrich's testimony as to whether Appellee was advised by Officer Anzelone of the consequences of refusal was objected to by Appellee's counsel, and the trial court sustained the objection (N.T. 8-9) (Parenthetically, we note that the Department did not appeal this ruling). Officer Anzelone testified that Appellee was requested to take the test (N.T. 19, 20, 22), that Appellee refused to take the test (N.T. 20, 22); and that Appellee was warned of the consequence of refusal (N.T. 19, 20, 22).

---

DISSENTING OPINION BY SENIOR JUDGE KALISH:

I respectfully dissent. I would affirm the result of the trial judge and I see no basis for a remand.

The burden is on the Department to prove each of the elements necessary to suspend the operator's driv-

ing privileges for refusal to submit to a test. *Phillips v. Commonwealth*, 84 Pa. Commonwealth Ct. 217, 478 A.2d 958 (1984).

Before we even consider the other necessary elements to be proven, we must consider, on review, whether there was substantial evidence of probable cause of driving while intoxicated in the first instance. The propriety of suspension for refusal to take the test depends upon whether the police had reasonable grounds to believe that the licensee was operating the vehicle under the influence of alcohol. *Department of Transportation, Bureau of Traffic Safety v. Doyle*, 103 Pa. Commonwealth Ct. 490, 520 A.2d 917 (1987).

This is done by viewing the facts and circumstances as they appeared at the time, In *Doyle,* the alcohol breath odor was accompanied by an accident. We held that under those circumstances a reasonably prudent police officer can conclude that the operator was driving while intoxicated. However, in the instant case, the odor of alcohol on the breath was accompanied by *a request from the officer to move the automobile a few feet* to relieve a traffic problem. A reading of the record makes it clear that the basis for the officer's arrest was the odor of alcohol. There were no other usual indicia of intoxication. Under such circumstances, a reasonable person in the position of the police officer could not conclude that the motorist was driving while intoxicated.