549 A.2d 1001

James H. Sweeney, Jr., Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

*F. Michael Friedman, Arney, Pagano & Friedman,* for appellant.

*Donald H. Poorman,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Chief Counsel, and *John L. Heaton,* Chief Counsel, for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., October 28, 1988:

The Commonwealth Department of Transportation, Bureau of Driver Licensing (Department) suspended James H. Sweeney's operator's license for failure to maintain financial responsibility. Section 1785 of the Motor Vehicle Financial Responsibility Law (Act).[1] After de novo review, the Delaware County Common Pleas Court upheld the suspension. Sweeney appeals; we vacate and remand.[2]

Sweeney was the operator of a vehicle involved in a reportable accident.[3] During the site investigation,

---

[1] 75 Pa. C. S. §§1701-1798.

[2] In a license suspension case, our scope of review is limited to determining whether the trial court manifestly abused its discretion or committed an error of law, and whether its findings are supported by competent evidence. *Department of Transportation v. Grippo,* 111 Pa. Commonwealth Ct. 421, 533 A.2d 1142 (1987).

[3] 75 Pa. C. S. §3746(a) provides:

(a) **General rule.**—The driver of a vehicle involved in an accident shall immediately by the quickest means of communication give notice to the nearest office of a duly authorized police department if the accident involves:

Sweeney produced a driver's license and registration but no insurance information. The car was uninsured[4] and registered to J.J. Sweeney Company, a corporation whose president and sole shareholder was Sweeney. The registration indicated the corporation's address was the same as Sweeney's home address.

The trial court dismissed Sweeney's subsequent license suspension appeal, declaring him the vehicle's owner under Section 1785 of the Act.[5]

Sweeney initially contends that as a shareholder of a corporation, he is not owner of its assets. *Meitner v. State Real Estate Commission,* 1 Pa. Commonwealth Ct. 426, 275 A.2d 417 (1971). Thus, even as the sole shareholder, he contends he does not own or have prop-

---

(1)  injury to or death of any person; or

(2)  damage to any vehicle involved to the extent that it cannot be driven under its own power in its customary manner without further damage or hazard to the vehicle, other traffic elements, or the roadway, and therefore requires towing.

[4] At trial, the investigating officer testified "there was no insurance card produced, or he informed me that he did not have insurance for the vehicle." Notes of Testimony, 11/30/87, p. 10.

[5] 75 Pa. C. S. §1785 reads:

If the department determines that the *owner of a motor vehicle* involved in an accident requiring notice to a police department pursuant to section 3746 (relating to immediate notice of accident to police department) did not maintain financial responsibility on the motor vehicle at the time of the accident, the department shall suspend the operating privilege of the owner, where applicable, and the department shall revoke the registration of the vehicle.

(Emphasis added.)

75 Pa. C. S. §102 defines "owner" as

[a] person, other than a lienholder, having the property right in or title to a vehicle. The term includes a person entitled to the use and possession of a vehicle subject to a security interest in another person, but excludes a lessee under a lease not intended as security.

erty rights in the uninsured vehicle. The Department counters that for purposes of Section 1785, the corporate entity was properly disregarded by the common pleas court.

We have held that a corporation is an independent entity even where stock ownership is entirely vested in one individual. *Kaites v. Department of Environmental Resources,* 108 Pa. Commonwealth Ct. 267, 273, 529 A.2d 1148, 1150 (1987). Although a strong presumption exists against piercing the "corporate veil," *Wedner Unemployment Compensation Case,* 449 Pa. 460, 296 A.2d 792 (1972), this Court has stated several factors which justify disregarding the corporate entity. Of particular importance are undercapitalization, intermingling of corporate and personal affairs and use of the corporate form to perpetrate fraud. *Kaites,* 108 Pa. Commonwealth Ct. at 273, 529 A.2d at 1151. Moreover, it has been said that the fiction of a separate legal identity will not stand where the corporation exists to avoid the incorporator's present obligations, *Rinck v. Rinck,* 363 Pa. Superior Ct. 593, 596, 526 A.2d 1221, 1222 (1987), or where justice or public policy demand. *Cerami v. Dignazio,* 283 Pa. Superior Ct. 424, 442, 424 A.2d 881, 890 (1980).

Thus, to pierce the corporate veil there must be some proof of activity or plan which vitiates the corporate purpose. In this case, the common pleas court's pertinent findings were: "(1) The Defendant's home address and the address of J.J. Sweeney Company are the same; (2) The Defendant is the president of J.J. Sweeney Company; and (3) The Defendant is the owner of one hundred percent of the stock of J.J. Sweeney Company." Based on these findings, the court concluded that Sweeney was the owner of the vehicle for Section · 1785 purposes.

We find that these factors, while persuasive support for the common pleas court's conclusion, are not deter-

minative. A crucial issue is whether the uninsured vehicle was in fact a corporate asset used primarily for business or whether Sweeney used the corporate identity to avoid his own obligations. Therefore, we remand this matter, *Bender v. Commonwealth*, 103 Pa. Commonwealth Ct. 485, 520 A.2d 919 (1987), and direct the common pleas court to make findings and a determination on this issue.

Finally, we dismiss Sweeney's contention that the common pleas court improperly assumed the role of advocate during the proceedings. The hearing transcript discloses that the judge's questioning was motivated by a desire to know the facts. Since the court allowed Sweeney's counsel the opportunity to ask him additional questions, Sweeney's due process rights were not violated. It is the "trial court's inherent right to question a witness so as to clarify existing facts and elicit new information where necessary." *Commonwealth v. Stamm*, 286 Pa. Superior Ct. 409, 417, 429 A.2d 4, 7-8 (1981).

We vacate and remand.

## ORDER

The order of the Delaware County Common Pleas Court, No. 87-11101 dated November 30, 1987, is vacated, and this case is remanded for further findings consistent with this opinion.

Jurisdiction relinquished.

This decision was reached prior to the resignation of Judge MACPHAIL.