## Fineman & Bach P.C. v. Wilfran Agricultural Industries Inc.

*Drew S. Dorfman,* for plaintiff.
*Alfred A. Gollatz,* for defendants.

HERRON, *J.,* July 30, 2001—Defendants Wilfran Agricultural Industries Inc., and William and Anne Franks have filed preliminary objections to the first amended complaint of plaintiff Fineman & Bach P.C. For the reasons set forth in this opinion, the court is issuing a contemporaneous order sustaining the objections in part and overruling the objections in part.

## BACKGROUND

Wilfran is a Pennsylvania corporation that F&B asserts is controlled by the Franks. F&B also contends that

Wilfran has served as the Franks' alter ego, artifice and/ or facade. At some point in the early 1990s, F&B began providing legal advice to Wilfran as a corporation and to the Franks as individuals. According to the complaint, F&B's agreement to provide services to Wilfran was based in part on the Franks' promise to pay for Wilfran's legal services out of their personal funds. Although the Franks fulfilled this obligation for a time, they have ceased doing so. As a result, F&B claims that Wilfran and the Franks owe $134,859.13 for Wilfran's legal fees. In addition, it is alleged that the Franks owe $2,948 on their own legal fees.

On the basis of these allegations, F&B has filed claims against all three defendants for breach of contract, unjust enrichment, quantum meruit and promissory estoppel. F&B has also asserted separate claims against the Franks individually for breach of contract, unjust enrichment, quantum meruit and promissory estoppel arising out of their alleged failure to pay their own legal bills. In response, the defendants have filed the objections, which assert that no count is legally sufficient as to Mrs. Franks and that the claims based on Wilfran's legal fees cannot be sustained against Mr. Franks.[1]

## DISCUSSION

Each of the objections discussed in the body of this opinion is without merit.

---

1. The objections also assert that Count I—Breach of contract is legally insufficient as to Wilfran because it does not comply with the requirement that, if a claim is based on a writing, a plaintiff must attach a copy of the writing to the complaint or summarize the writing

## I. *The Allegations in Paragraphs Seven, Nine and Ten of the Complaint Are Sufficiently Specific*

The defendants contend that the complaint paragraphs alleging that the Franks controlled Wilfran and that Wilfran is their alter ego, facade and artifice are insufficiently specific and must be stricken. To determine if a pleading meets Pennsylvania's specificity requirements, a court must ascertain whether the allegations are "sufficiently specific so as to enable [a] defendant to prepare [its] defense." *Smith v. Wagner,* 403 Pa. Super. 316, 319, 588 A.2d 1308, 1310 (1991). See also, *Maleski by Taylor v. DP Realty Trust,* 653 A.2d 54, 65-66 (Pa. Commw. 1994) (in determining whether specificity requirements have been met, the complaint as a whole must be examined).

The court recognizes that the allegations in the complaint are less developed than might be desired. An examination of the complaint as a whole, however, reveals sufficient detail to allow the defendants to present a defense, if barely: when read in conjunction with the allegations that the Franks paid for services rendered on behalf of Wilfran out of their personal funds, F&B's assertions as to the Franks' control over Wilfran and their use of the corporation as an alter ego, an artifice and a facade are sufficiently specific. Complaint at ¶¶7-10. As a result, the objections asserting insufficient specificity are overruled.

---

and explain its absence. Pa.R.C.P. 1019(i). In its response to these objections, F&B has agreed to amend its pleading to comply with this rule. Plaintiff's response at 3. Thus, the court has granted F&B leave to amend the complaint and has not discussed these objections in the body of the opinion.

## II. *Each of F&B's Counts Is Legally Sufficient*

When a court is presented with preliminary objections based on legal insufficiency,

"[I]t is essential that the face of the complaint indicate that its claims may not be sustained and that the law will not permit recovery. If there is any doubt, it should be resolved by the overruling of the demurrer. . . . Put simply, the question presented by demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible." *Bailey v. Storlazzi,* 729 A.2d 1206, 1211 (Pa. Super. 1999). (citations omitted)

For the purposes of reviewing the legal sufficiency of a complaint, "all well-pleaded material, factual averments and all inferences fairly deducible therefrom" are presumed to be true. *Tucker v. Philadelphia Daily News,* 757 A.2d 938, 942 (Pa. Super. 2000).

### A. Unjust Enrichment and Quantum Meruit

The elements of a claim for unjust enrichment are "benefits conferred on defendant by plaintiff, appreciation of such benefits by defendant, and acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value." *Wiernik v. PHH U.S. Mortgage Corp.,* 736 A.2d 616, 622 (Pa. Super. 1999), *app. denied,* 561 Pa. 700, 751 A.2d 193 (2000). Similarly, an action based on the quasi-contract doctrine of quantum meruit requires that "one person has been unjustly enriched at the expense of another," and thus cannot be sustained without satisfying the elements of unjust enrichment. *Mitchell v. Moore,* 729 A.2d 1200, 1202 n.2

(Pa. Super. 1999). The defendants contend that there is no allegation of benefits conferred on the Franks individually and that the claims for unjust enrichment and quantum meruit must therefore be stricken.

The complaint alleges that a "substantial portion" of F&B's legal work charged to Wilfran was done for the benefit of the Franks as individuals. Complaint at ¶19. This is sufficient to support the allegations that the Franks received a benefit from F&B's services on behalf of Wilfran. Complaint at ¶¶26, 29. While the defendants may discount these allegations as lacking any factual basis, the court must accept these allegations as true in evaluating the objections, and the objections to these counts must be overruled.

## B. Promissory Estoppel

Pennsylvania recognizes a cause of action based on a theory of promissory estoppel:

"This court has previously stated that a cause of action under a theory of promissory estoppel will lie when a party relies to his or her detriment on the intentional or negligent representations of another party, so that in order to prevent the relying party from being harmed, the inducing party is estopped from showing that the facts are not as the relying party understood them to be. . . . In Pennsylvania, the elements of promissory estoppel are:

"(1) Misleading words, conduct or silence by the party against whom the estoppel is asserted,

"(2) unambiguous proof of reasonable reliance on the misrepresentation by the party seeking to assert the estoppel; and

"(3) no duty of inquiry on the party seeking to assert estoppel." *Thomas v. E.B. Jermyn Lodge No. 2,* 693 A.2d 974, 977 (Pa. Super. 1997). (citations omitted)

The defendants argue that any reliance on their words could not have been reasonable.

The court cannot agree with the defendants at this stage. The complaint alleges that, at some point during the parties' relationship, the Franks did, in fact, pay for Wilfran's legal services out of their personal funds. Complaint at ¶15. This could support the conclusion that F&B's reliance on the Franks' representations was reasonable.

The statute and cases cited by the defendants are unconvincing. *Pittsburgh Baseball Inc. v. Stadium Authority of the City of Pittsburgh,* 157 Pa. Commw. 478, 630 A.2d 505 (1993), involved an oral representation by the mayor of Pittsburgh that the city would pay the plaintiff $4.2 million in exchange for the plaintiff's purchasing the Pittsburgh Pirates and keeping the team in the city. The Commonwealth Court concluded that the plaintiff's reliance was not reasonable because it should have investigated the extent of the mayor's power and determined that he did not have the authority to promise the funds in question. Here, there is no indication that the Franks lacked the authority to guarantee payment for F&B's services.

The defendants' argument based on Pennsylvania's statute of frauds,[2] which requires that agreements to answer for the debt of another be in writing, must also fail. See 33 Pa.C.S. §3 (prohibiting actions based upon a

---

2. 33 Pa.C.S. §§1-8.

promise "to answer for the debt or default of another" if such promise is not in writing). Even if the court assumes that the statute of frauds is applicable,[3] Pennsylvania corporate law allows a court to "pierce the corporate veil" when certain conditions are present. See *e.g., Kiehl v. Action Mfg. Co.,* 517 Pa. 183, 190, 535 A.2d 571, 574 (1987) (a Pennsylvania court may pierce the corporation veil "when used to defeat public convenience, justify wrong, protect fraud or defend crime"); *S.T. Hudson Eng'rs Inc. v. Camden Hotel Dev. Assocs.,* 747 A.2d 931 (Pa. Super. 2000) (allowing creditor to pierce the corporate veil under the alter ego theory); *Rinck v. Rinck,* 363 Pa. Super. 593, 597, 526 A.2d 1221, 1223 (1987) (permitting piercing of corporate veil "whenever it is necessary to avoid injustice"). The complaint alleges such conditions. See complaint at ¶¶6-7, 9-10 (alleging that the Franks controlled Wilfran, that Wilfran was the Franks' alter ego and that Wilfran was an artifice or facade of the Franks). As a result, F&B's promissory estoppel claim must be allowed to stand.

## C. Claims against Anne Franks

The defendants also assert that the complaint fails to state a claim against Anne Franks as an individual because none of the F&B legal bills are addressed to her.

---

3. It appears that the Pennsylvania statute of frauds does not necessarily preclude an action based on estoppel. See *Thatcher's Drugs of West Goshen Inc. v. Consolidated Supermarkets Inc,* 391 Pa. Super. 524, 533, 571 A.2d 490, 495 (1990), *rev'd on other grounds,* 535 Pa. 469, 636 A.2d 156 (1994) (citing *Big Mountain Improvement Company's Appeal,* 54 Pa. 361 (1867), for the proposition that a defendant is "foreclosed from asserting the Statute of Frauds to the plaintiff's estoppel argument").

Even if this is so, the allegations that she made certain representations to F&B, paid F&B out of her personal funds and received a benefit from the services provided to Wilfran are sufficient to sustain causes of action against her. Complaint at ¶¶15-16, 26, 29. Given these allegations, F&B may proceed on its claims against Anne Franks.

## CONCLUSION

Aside from the objections asserting failure to attach a writing, each of the objections is denied.

## ORDER

And now, July 30, 2001, upon consideration of the preliminary objections of defendants Wilfran Agricultural Industries Inc., and William and Anne Franks to the complaint of plaintiff Fineman & Bach P.C. and plaintiff's response thereto, and in accordance with the memorandum opinion being filed contemporaneously with this order, it is hereby ordered and decreed as follows:

(1) The objections asserting failure to attach a copy of a writing on which a claim is based or to describe the writing's terms and to explain its absence are sustained;

(2) The remaining objections are overruled; and

(3) The plaintiff is directed to file a second amended complaint within 20 days of the date of entry of this order.